# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MOUSEN Y. ADEN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:17-cv-00867 |
| ) | **CHIEF JUDGE CRENSHAW** |
| **STATE OF TENNESSEE, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

Mousen Aden, is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee. He has filed *pro se* a pleading entitled "Notice of Head of State Immunity" (Doc. No. 1) and an Application to proceed in forma pauperis (Doc. No. 2).

It appears from the Application that the Plaintiff lacks sufficient financial resources from which to pay the fee required to file the Notice. The Application, therefore, is **GRANTED**. The Clerk will file the Notice in forma pauperis. 28 U.S.C. § 1915(a).

The Plaintiff is hereby **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the Plaintiff's inmate trust account; **or**

(b) twenty percent (20%) of the average monthly balance in the Plaintiff's inmate trust

1

account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to the Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk of Court. 28 U.S.C. § 1915(b)(2).

Plaintiff brings this action against the State of Tennessee and Glenn Funk, the District Attorney General for Davidson County. He does not, however, set forth any claims against these defendants. The Plaintiff, rather, "advises" us that "... this country is my 'instrumentality' thus I am 'The God' of the United States of America Godhead. Due to : Shariah Law." (Doc. No. 1 at 2). He goes on to declare himself "the King of the United States of America" and "the Christ, the Savior of the world." (*Id.* at 4).

Plaintiff's utterances are so attenuated and unsubstantial as to be absolutely devoid of merit. They are an excellent example of the type of "fantastic and delusional scenario" that the Supreme Court has recognized to be frivolous within the meaning of 28 U.S.C. § 1915(e)(2). Neitzke v. Williams, 490 U.S. 319, 328 (1989). A district court possesses the authority to dismiss frivolous actions. Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985). Accordingly, this action is hereby **DISMISSED**.

Because substantive claims cannot be adequately ascertained from the Plaintiff's Notice, an appeal of this order and the judgment rendered herein would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). Therefore, the Plaintiff is **NOT** certified to pursue an appeal of this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

Nevertheless, should the Plaintiff decide to file a notice of appeal, he must either pay the Clerk of Court the full appellate filing fee of five hundred five dollars ($505.00) or submit a new application to proceed in forma pauperis with a certified copy of his inmate trust account statement for the previous six month period. 28 U.S.C. § 1915(a)(1); McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997), *abrogated on other grounds,* LaFountain v. Harry, 716 F.3d 944, 951 (6th Cir. 2013).[1]

The Clerk is directed to send a copy of this Order to the Warden of the West Tennessee State Penitentiary to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to the payment of the filing fee.

Entry of this order shall constitute the judgment in this action.

IT IS SO ORDERED.

*[signature]*
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In a departure from former practice, an individual or prisoner granted pauper status before the district court is no longer automatically entitled to pauper status on appeal. McGore, at 610.

3